Brenda LEWIS and Suzette Lantz, on behalf of themselves and other female certificated employees of the Los Angeles City Unified School District, Plaintiffs,

v.

**LOS ANGELES CITY UNIFIED SCHOOL DISTRICT et al., Defendants.**

**No. CV 73–1511–AAH.**

United States District Court, C. D. California.

April 6, 1977.

Arlene Colman Schwimmer, Beverly Hills, Cal., for plaintiffs.

John H. Larson, County Counsel, Gregory Houle, Deputy County Counsel, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This cause having come on for hearing before the Court on a motion by the Defendants for summary judgment in the Defendants' favor dismissing the action, the Court does hereby find the facts and states the conclusions of law thereon, and directs the entry of the appropriate judgment, as follows:

### FINDINGS OF FACT

1. At all times complained of herein, Plaintiffs, BRENDA LEWIS and SUZETTE LANTZ, were and are residents and citizens of the United States and of the County of Los Angeles, State of California, and were and are female certificated persons employed by DISTRICT as teachers.

2. The DISTRICT was and is the duly constituted governmental entity charged with operating the primary and secondary public school system for the City of Los Angeles, County of Los Angeles. Defendant BOARD was and is the duly appointed body charged with overall responsibility for the primary and secondary public school system of the DISTRICT.

3. The Defendants, acting under color of state law, promulgated, caused to be promulgated or enforced the LOS ANGELES CITY UNIFIED SCHOOL DISTRICT Board Rule 3603e ("Maternity Leave Policy") in effect in March, 1972. The Maternity Leave Policy provided, among other things, for an involuntary, unpaid pregnancy leave of absence extending from three months prior to the date of confinement to two months after the birth of the child. This Maternity Leave Policy applied to all female certificated employees of the School District. This Mandatory Maternity Leave Policy was changed, effective on July 1, 1974, to eliminate a fixed mandatory period of Maternity Leave, but continued certain other involuntary policies.

4. The Defendants, acting under color of law, promulgated, caused to be promulgat-

ed or enforced the LOS ANGELES CITY UNIFIED SCHOOL DISTRICT Board Rule 3600 ("General Leave Policy"). This General Leave Policy (in effect March, 1972—Board Rule 3606) provided, among other things, that time spent by employees on Maternity Leave does not count as service toward step advancement for salary increments, towards retirement, for sabbatical leaves, for vacation accrual, for eligibility to take examinations, nor were or are employees on Maternity Leave assured of reassignment to the location from which the Leave was taken. Also, employees on Maternity Leave were not allowed to utilize their accumulated sick leave, and were deprived of medical and dental insurance coverage while on Maternity Leave. At present, the Defendants do not have a Mandatory Maternity Leave Policy, but many of the same aforementioned fringe benefits are not granted to persons on Maternity Leave, unless that Leave has been converted to paid Illness Leave, pursuant to Board Rule 3606.

5. At present, if Maternity Leave is converted to paid Illness Leave, the person on paid Illness Leave due to maternity receives the same benefits as a person on paid Illness Leave not due to maternity. (Illness Leave, Board Rule 3606, and Pregnancy Leave, Board Rule 3625).

6. On or about April 16, 1972, Plaintiff, BRENDA LEWIS, notified Defendants, and each of them in writing, that the birth of her child was due on September 1, 1972, and that she desired to return to her teaching position at the most, twenty days after the birth of the child, and did not wish to be on Mandatory Maternity Leave for the two month period provided in the BOARD's Maternity Leave Policy. Only to be in compliance with the Board Regulation requiring Plaintiff to formally apply for Maternity Leave, did Plaintiff, BRENDA LEWIS, on May 1, 1972, complete the form provided her and request the BOARD to take exception to its Maternity Leave Policy requiring her Mandatory Leave to November 1, 1972.

7. On or about May 26, 1972, Plaintiff, BRENDA LEWIS, received a letter from CALVIN W. GRAY, Director, Northridge Certificated Personnel, advising her that she had been put on Maternity Leave from September 11, 1972 (the date of the commencement of the school year) through January 26, 1973. Plaintiff's child was born on August 16, 1972, and, on September 29, 1972, Plaintiff, BRENDA LEWIS, advised the Principal at Northridge Junior High School, the location from which the Leave was taken, that she was ready to resume her position as of that time. Plaintiff was able to resume her duties on September 28, 1972.

8. Plaintiff's BRENDA LEWIS', physician, DR. KENNETH MORGAN, informed the Plaintiff that she was able to resume her duties as of September 28, 1972. In response to Plaintiff's repeated requests that the BOARD make an exception to the Maternity Leave Policy and permit her to return to work soon after the birth of her child, Plaintiff was put on Mandatory Maternity Leave for the entire school term, and was not permitted to return to work until January 29, 1973.

## CONCLUSIONS OF LAW

1. Los Angeles Unified School District Board Rules 3600 and 3603, and Plaintiff Lewis' assignment to maternity leave during the 1972 fall semester, did not discriminate against Plaintiffs because of their sex in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. *Geduldig v. Aiello*, 417 U.S. 484, 496–497, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974); *Cleveland Board of Education v. La Fleur* and *Cohen v. Chesterfield County School Board*, 414 U.S. 632, 648–650, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974).

2. Los Angeles Unified School District Board Rule 3603, and Plaintiff Lewis' assignment to maternity leave during the fall, 1972 semester, did not discriminate against Plaintiffs because of their sex in violation of § 706 of Title VII of the Civil Rights Act of 1964, as amended March, 1972 (42 U.S.C. § 2000e et seq.). *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976); *Cleveland Board*

*of Education v. La Fleur* and *Cohen v. Chesterfield County School Board*, 414 U.S. 632, 648–650, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974).

3. Los Angeles Unified School District Rules 3606 and 3625 do not discriminate against Plaintiffs because of their sex in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. *Geduldig v. Aiello*, 417 U.S. 484, 496–497, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974); *Cleveland Board of Education v. La Fleur* and *Cohen v. Chesterfield County School Board*, 414 U.S. 632, 648–650, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974).

4. Los Angeles Unified School District Rules 3606 and 3625 do not discriminate against Plaintiffs because of their sex in violation of § 706 of Title VII of the Civil Rights Act of 1964, as amended March 1972 (§ 2000e et seq.) *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976); *Cleveland Board of Education v. La Fleur* and *Cohen v. Chesterfield County School Board*, 414 U.S. 632, 648–650, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974).

5. Plaintiffs are not entitled to recover any compensatory or punitive damages.

IT IS SO ORDERED.